JEREMIAH TOOLEY, APPELLANT, *v.* CHLOE G. BACON, AS ADMINISTRATRIX OF THE ESTATE OF CHARLES C. BACON, DECEASED.

*Party to transaction — cannot testify as to intention with which act was done — as against the legal representatives of other party — Code, § 399.*

APPEAL from a judgment, entered upon the report of a referee, dismissing the plaintiff's complaint.

The action was brought to recover of Charles C. Bacon the sum of $5,847 and interest from April 15, 1865, and costs, as a balance alleged to have been due at that date for moneys theretofore received by said Bacon for the use and benefit of plaintiff. Charles C.

Bacon died and the defendant, as his administratrix, was substituted as defendant in his stead. On the trial the plaintiff was examined as a witness in his own behalf, and was asked, whether he put any property into the hands of the intestate for the purpose of defrauding his creditors, or with that intent. The defendant's counsel objected to the question and the referee sustained the objection and rejected the question.

The court at General Term say : " The transfer of property from plaintiff to the intestate being assailed as fraudulent, it was competent to ask the witness whether the transfer to the intestate was made with intent to defraud the creditors of the plaintiff, unless the plaintiff was prohibited from testifying by section 399 of the Code, as it involved a transaction between him and the intestate.

The intent with which the transfers were made is a mere mental operation, and cannot strictly be called a personal transaction or communication between the intestate and the witness. But when the intent with which an act is done becomes the subject of legal inquiry, it is then, it seems to me, to be treated as a part of the act, and a party to the transaction cannot testify as to the intention with which it was done in an action between him and the representatives of the other party to such transaction.

The reasons which induced the legislature to exclude the evidence of a party to a transaction when the other party to it is dead, apply in all their force to evidence of the intention with which an act is done, as proof of the act itself."

*Scott Lord*, for the appellant.    *E. H. Lamb*, for the respondent.

Opinion by MULLIN, P. J.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Order of Special Term affirmed, with ten dollars costs and disbursements.